UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.     Case No. 16-CR-56

ALPHONSO MURPHY,

    Defendant.

## ORDER

Alphonso Murphy is charged with possessing three firearms after having been convicted of a felony (ECF No. 9, count one), possessing with intent to distribute controlled substances (ECF No. 9, count two), and possessing a firearm in furtherance of a drug trafficking offense (ECF No. 9, count three). The physical evidence underlying these charges was recovered on February 29, 2016, pursuant to a search warrant issued on February 26, 2016, for a Milwaukee residence. That search warrant was based in large part on the statements of an unidentified informant. Murphy asks the court to order the government to disclose the identity of the informant. (ECF No. 18.) The government opposes the request on the basis that the informant was a mere tipster. (ECF No. 19.)

"The government has a limited privilege to shield the identity of a confidential informant from a criminal defendant." *United States v. Shaw*, 2016 U.S. App. LEXIS 9712, 9 (7th Cir. May 27, 2016). If the informant was a "mere tipster" "whose only role was to provide the police with the relevant information that served as the foundation for obtaining a search warrant," the rationale for the privilege is stronger. *United States v. McDowell*, 687 F.3d 904, 911 (7th Cir. 2012) (quoting *United States v. Harris*, 531 F.3d 507, 515 (7th Cir. 2008)). However, if the informant "participated in the crime charged against the defendant or witnessed the event in question," known as a "transactional witness," "the case for overriding the privilege and requiring disclosure may be stronger." *Id.* A defendant may overcome the privilege if he can show that the informant's identity "is relevant and helpful to [his] defense ... or is essential to a fair determination of a cause." *Shaw*, 2016 U.S. App. LEXIS 9712, 10 (quoting *United States v. Roviaro*, 353 U.S. 53, 60-61 (1957)). "The confidential informant privilege 'will not yield to permit a mere fishing expedition, nor upon bare speculation that the information may possibly prove useful.'" *United States v. Valles*, 41 F.3d 355, 358 (7th Cir. 1994) (quoting *Dole v. Local 1942, IBEW*, 870 F.2d 368, 373 (7th Cir. 1989)).

Murphy asserts that the informant will be important at trial because he is the only person to have seen Murphy in possession of any firearm. (ECF No. 20 at 4.) If the informant cannot describe the gun he saw Murphy with, or describes a gun other than one of the three guns recovered pursuant to the search warrant and described in the

indictment, it might support acquittal of the charges in the indictment. (ECF No. 20 at 4.)

Murphy also argues that the informant must be disclosed because the informant reported seeing two other armed men in the residence. Murphy argues that such details would be helpful to his defense because it could establish that someone other than Murphy was responsible for the firearms recovered pursuant to the warrant.

Finally, Murphy argues that the informant's testimony could be relevant to sentencing if the government were to seek to increase Murphy's guideline range in reliance upon the heroin that the informant reported seeing Murphy with. (ECF No. 20 at 6.) The informant's information also might be relevant at sentencing for determining which firearms Murphy may be linked to. (ECF No. 20 at 6.)

The informant here is more of a tipster than a transactional witness. It is true that, by reportedly seeing Murphy with a gun and drugs, the informant did allegedly observe Murphy committing offenses similar to those charged in the indictment. But the offenses observed by the informant are not those charged in the indictment. The indictment charges Murphy with possessory offenses occurring on or about February 29, 2016, the date the search warrant was executed. (ECF No. 9.) The informant's observations merely led to the issuance of the search warrant and the discovery of the evidence that forms the basis for the charges. That is a classic tipster. *See, e.g., United States v. Jefferson*, 252 F.3d 937, 941-42 (7th Cir. 2001) (noting that, although the

3

informant's purchase of drugs led to the issuance of the search warrant, his role ended by the time of the search, and evidence seized pursuant to that search formed the basis for the charges); *United States v. Bender*, 5 F.3d 267, 270 (7th Cir. 1993) (noting that the informant was a tipster in part because "[t]he government charged [the defendant] separately from any criminal conduct the informant had witnessed" and "the informant's role ended after providing the police with the relevant information that served as the foundation for obtaining the search warrant"). While the government likely could use the informant's observations as evidence against Murphy, there is no indication it intends to do so. If it does not, the informant is not a transactional witness with respect to the offense charged in the indictment. *See Bender*, 5 F.3d at 270 ("[T]he informant here was not a transactional witness, that is, he or she was not an active participant in the investigation leading to arrest.").

But beyond the labels of transactional witness or tipster, the ultimate question is whether a defendant has shown that the identity of an informant is relevant and helpful to his defense or is essential to a fair determination of a cause. *Shaw*, 2016 U.S. App. LEXIS 9712, 10. If so, the government's privilege must yield. *Id.* Murphy contends that the government should be required to disclose the identity of the informant because the informant might be able to provide information relevant to a defense. Murphy notes that the informant reported observing other armed black males inside the residence within the past month. (ECF No. 19-1 at 5, ¶ 6.) Murphy speculates that the informant

4

might lead him to these other individuals, who might be responsible for the firearms found in the residence.

The court finds Murphy's argument too speculative to overcome the government's privilege. *See Valles*, 41 F.3d at 358 (finding defendant's speculation that the informant might support an entrapment defense insufficient to overcome the privilege). There is no indication that Murphy's theory of defense is that some unknown person came into the residence and secreted three firearms and a quantity of controlled substances in the computer terminal where they were found. Indeed, according to the government, Murphy "in a post-arrest statement, admitted to having knowledge of the firearms and selling the controlled substances." (ECF No. 19 at 2.)

**IT IS THEREFORE ORDERED** that Alphonso J. Murphy's Motion to Compel Discovery (ECF No. 18) is **denied**.

Dated at Milwaukee, Wisconsin this 7th day of June, 2016.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge