## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
       **Plaintiff,**

  v.                                                  **Case No. 16-CR-56**

**ALPHONSO MURPHY**
       **Defendant.**

### DECISION AND ORDER

Defendant Alphonso Murphy objects to a magistrate judge's order denying his motion to compel the government to disclose the identity of a confidential informant. Because the order is not contrary to law or clearly erroneous, see Fed. R. Crim. P. 59(a); see also United States v. Bailey, No. 14-CR-78, 2015 U.S. Dist. LEXIS 19201, at *4 (E.D. Wis. Feb. 18, 2015), I decline to set it aside.

### I. BACKGROUND

On February 26, 2016, the police applied for a search warrant for a residence on North 44th Street in Milwaukee. The application was based primarily on the statements of a confidential informant, who indicated that defendant used the residence to store and distribute heroin and marijuana. The informant further stated that defendant "is armed with multiple firearms in the target residence." (R. 18-1 at 4 ¶ 4.) The informant advised that within the past 72 hours s/he had observed defendant in possession of a firearm inside the target residence and in possession of heroin and marijuana. The informant had also observed other armed black male suspects "inside the residence in the past month." (R. 18-1 at 4 ¶ 6; see also R. 18-1 at 5 ¶ 10, stating that the informant has "seen other armed males within this same

residence within the last month".) A Milwaukee County court commissioner issued the warrant on February 26, 2016. (R. 18-1 at 1.)

Officers executed the warrant on February 29, 2016 (R. 1 at 4 ¶ 8), seizing from a computer tower central processing unit in the northwest bedroom suspected marijuana and ecstasy, more than $10,000 in cash, and three firearms (R. 1 at 5-6 ¶ 9). Three individuals were present at the time of the search, including defendant. (R. 1 at 4 ¶ 8.) In a post-arrest statement, defendant allegedly admitted that he sold the drugs and that he was aware of the guns in the bedroom. (R. 1 at 6 ¶¶ 12-13.) He further stated he knew where the guns were hidden and that either he or his uncle would put the guns away in the location from which they were recovered before they would leave the residence.[1] (R. 1 at 6-7 ¶ 13.)

The government obtained a three count indictment charging that on February 29, 2016, defendant unlawfully possessed three firearms as a felon; possessed ecstasy with intent to distribute; and possessed a firearm in furtherance of a drug trafficking crime. (R. 9.) Defendant filed a motion to compel the government to disclose the identity of the informant who provided the basis for the search warrant. (R. 18.) The government resisted. (R. 19.)

The magistrate judge handling pre-trial proceedings in this case denied the motion, finding that the informant was a "mere tipster" rather than a "transactional witness." (R. 22 at 2-3.) Defendant argued that the informant's testimony would be important at trial because s/he was the only person to see defendant in physical possession of a gun and because s/he also claimed to have seen other armed men in the residence (which could establish that someone other than defendant was responsible for the firearms recovered pursuant to the warrant). The

---

[1]For purposes of this motion, neither side disputes the material facts, and defendant has not requested an evidentiary hearing.

magistrate judge rejected these arguments, noting that the indictment charged defendant with possessory offenses occurring on February 29, 2016, the date the search warrant was executed, not with any crimes witnessed by the informant prior to February 26, 2016, the date the warrant was issued. (R. 22 at 3.) The magistrate judge further noted that it did not appear the government intended to use the informant as a witness at trial. (R. 22 at 4.) Finally, the magistrate judge rejected as speculative defendant's argument that the informant might be able to support a defense that someone else possessed the charged contraband, noting defendant's alleged post-arrest statement admitting drug trafficking and knowledge of the firearms. (R. 22 at 4-5.)

## II. DISCUSSION

### A. The Informer's Privilege

The government enjoys a limited privilege to withhold from disclosure the identity of persons who furnish to the police information about law violations. Roviaro v. United States, 353 U.S. 53, 59 (1957). "The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." Id. The government is granted this privilege as a right and need not make a threshold showing of likely reprisal or retaliation against the informant in order to assert the privilege. United States v. Valles, 41 F.3d 355, 358 (7th Cir. 1994). While a defendant can overcome the privilege by demonstrating a need for the information, he bears this burden in the face of an assumption that the privilege should apply. Id.

3

The privilege will give way if the defendant shows that disclosure "is relevant and helpful to the defense" or "essential to a fair determination" of the case. Roviaro, 353 U.S. at 60-61. The court must balance the public interest in protecting the flow of information against the defendant's right to prepare his defense, taking into consideration the crime charged, the possible defenses, the possible significance of the informant's testimony, and other relevant factors. Id. at 62. The defendant must offer more than conclusory assertions, as the privilege will not yield based on speculation that the information could be useful. Valles, 41 F.3d at 358.

The Seventh Circuit has held that the role of the informant is an important factor to consider when determining whether his identity must be disclosed. United States v. McDowell, 687 F.3d 904, 911 (7th Cir. 2012); United States v. Harris, 531 F.3d 507, 515 (7th Cir. 2008). The court distinguishes between two types of informants: a "mere tipster" – someone whose only role was to provide the police with the relevant information that served as the foundation for obtaining a search warrant, and a "transactional witness" – someone who participated in the crime charged against the defendant or witnessed the event in question. McDowell, 687 F.3d at 911; see, e.g., United States v. Wilburn, 581 F.3d 618, 623 (7th Cir. 2009); United States v. Jefferson, 252 F.3d 937, 941 (7th Cir. 2001); United States v. Bender, 5 F.3d 267, 270 (7th Cir. 1993). For informants falling in the first category, the rationale for the privilege is stronger and the case for overriding it is generally weak; for informants who performed a transactional role, the case for requiring disclosure is stronger. McDowell, 687 F.3d at 911; see also Harris, 531 F.3d at 515 ("When the confidential informant is a mere 'tipster' . . . rather than a 'transactional witness' . . . disclosure will not be required.").

**B.   Disclosure in This Case**

As the magistrate judge noted, the informant here was a tipster who provided

4

information leading to the search warrant; s/he was not present for the search, and his/her information does not form the basis for the charges. Rather, the charges are based on the evidence seized during the execution of the search warrant and on defendant's post-arrest statement. See Harris, 531 F.3d at 515 (denying disclosure where the informant's report that the defendant was selling cocaine from a residence and that there were guns in the residence led to acquisition of a search warrant, but those activities were not part of the charges against the defendant, which were based on his possession of cocaine discovered on execution of the warrant; the informant did not actively participate in the investigation by, for example, purchasing cocaine from the defendant; and the informant was not present when the warrant was executed); Jefferson, 252 F.3d at 941-42 (denying disclosure where the informant was a mere tipster, who provided law enforcement with information leading to acquisition of search warrant, and where charges were based on evidence obtained when the search warrant was executed and on statements made by the defendants at the time of their arrests, not on any criminal activity the informant had witnessed); Bender, 5 F.3d at 270 (denying disclosure where the informant supplied information leading to acquisition of search warrant, the informant had no role in the search, and the criminal activity the informant witnessed did not constitute the charges against the defendant). As in Bender, the informant's role in this case "ended after providing the police with the relevant information that served as the foundation for obtaining the search warrant." Id. Thus, the case for disclosure is weak.[2]

---

[2] Although the privilege applies as a matter of right, in the present case the government indicates that the informant is actively involved in other criminal investigations and disclosing his/her identity could compromise those investigations and the informant's safety. In reply, defendant contends that the court could take steps to address those concerns, such as issuing a protective order. Because I find that disclosure is not required, I need not address this issue.

5

Defendant argues that disclosure should nevertheless be required, as his defense requires showing that other people possessed the drugs and guns found in the residence. He contends that the informant could serve as an investigative lead; perhaps he will learn that the other armed men the informant saw in the residence prior to the search had ties to the residence and/or are responsible for the contraband. I agree with the magistrate judge that this is too speculative to overcome the privilege. See Valles, 41 F.3d at 358 ("The confidential informant privilege will not yield to permit a mere fishing expedition, nor upon bare speculation that the information may possibly prove useful.") (internal quote marks omitted). As the government notes, defendant's argument also overlooks the fact that the informant saw these other armed men in the residence "in the past month" (R. 18-1 at 4 ¶ 6), not on the date the warrant was executed. That one or more of these men may have been involved in illegal activities inside the residence on some earlier date would appear to have little bearing on whether defendant possessed the contraband found on February 29, 2016.

In reply, defendant indicates that these armed men were there just a day or two before the search (R. 28 at 2), but that is not what the affidavit, quoted in the preceding paragraph, says. Defendant also notes that the indictment says he possessed the guns "[o]n or about February 29, 2016" (R. 9 at 1), but that is merely a drafting convention; the evidence before me is that the guns were found on February 29, 2016. Defendant further notes that two other African-American men were present at the time of the search; these men were not charged, but defendant wishes to determine if they might have been the armed men the informant described. As the government notes, defendant knows the identities of the two men present on February 29, 2016, and he is free to interview or call them to testify at trial; the identity of

6

the informant need not be disclosed to pursue such a defense.³

Defendant next argues that the informant will likely be an important government witness, as he is the only one who can put defendant in direct possession of any guns or drugs. This overlooks defendant's alleged post-arrest admissions. In any event, in its response to the objections, the government specifically indicates that it has no intention of calling the informant as a witness at trial.⁴ (R. 27 at 4.) Defendant contends that the informant could also be a defense witness at trial. He notes that he is charged with possessing three firearms, yet the informant claimed to have seen him with only one firearm. However, the informant stated that defendant "is armed with multiple firearms in the target residence." (R. 18-1 at 4 ¶ 4.) Later in the affidavit, the informant advised that within in the past 72 hours s/he saw defendant in possession of "a firearm inside the residence . . . and in possession of controlled substances." (R. 18-1 at 4 ¶ 6.) Defendant focuses on the second statement but overlooks the first.

Finally, defendant argues that the informant has information relevant to sentencing, as

---

³In his objections, defendant fails to respond to the magistrate judge's reliance on defendant's alleged post-arrest statement, which appears to contradict a defense that someone else secreted the contraband in the apartment. In reply, defendant notes that the government provides no case-law supporting its contention that because he made a partially inculpatory statement he cannot overcome the privilege. I agree that this is not dispositive, but it is a relevant factor in considering the "possible defenses." Roviaro, 353 U.S. at 62. Defendant indicates that he may challenge the statement as involuntary if the case goes to trial, but I must decide the present motion based on the record before me now.

⁴Defendant cites cases in which courts required disclosure of informants the prosecution decided not to call at trial. However, those cases are distinguishable because the informants were actively involved in the charged offenses. See, e.g., Devose v. Norris, 53 F.3d 201, 207 (8th Cir. 1995) ("[T]he informant in the instant case was an active participant in the drug transaction and witnessed first hand the events that took place."); United States v. Higdon, 68 F. Supp. 3d 807, 816 (E.D. Tenn. 2014) ("[T]he Government must immediately disclose the identities of any eyewitness participants to the Defendant's exchange of contraband, if the individual is not a Government witness."). The present indictment charges possessory offenses the informant did not witness and in which s/he was not involved.

7

the guideline range may increase based on the number and type of firearms and the type and quantity of controlled substances. This, too, is speculative.[5] Defendant cites no authority for requiring pre-trial disclosure of an informant based on a potential guideline sentencing issue. Instead, he cites the general criminal discovery rule, Fed. R. Crim. P. 16(a)(1)(E), and cases applying Brady v. Maryland, 373 U.S. 83 (1963) to suppression motions. These authorities are inapposite. Defendant develops no argument that disclosure of the informant is required under Brady.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's objections are overruled and the magistrate judge's order is affirmed.

Dated at Milwaukee, Wisconsin, this 11th day of July, 2016.

/s Lynn Adelman
LYNN ADELMAN
District Judge

---

[5] For instance, there is no reason to believe, at this point, that the government will seek to enhance defendant's guideline range based on the heroin trafficking the informant allegedly observed. (R. 20 at 6; R. 24 at 5.)

8