# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                               Case No. 16-CR-56

ALPHONSO MURPHY,

        Defendant.

## ORDER

Before the court is Alphonso Murphy's motion to reopen the detention hearing. (ECF No. 88.) A detention hearing may be reopened

> if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f).

Because Murphy is before the court having allegedly violated the conditions of his supervised release, it is his burden to show by clear and convincing evidence that he is not likely to flee or pose a danger to the community. Fed. R. Crim. P. 32.1(a)(6); 28 U.S.C. § 3143(a)(1).

When a search warrant was executed at Murphy's home, investigators found a press commonly used for packing kilogram quantities of cocaine, three digital scales, ammunition, 14 firearms, over two kilograms of methamphetamine, over 300 grams of heroin and fentanyl, over 800 grams of cocaine, over 300 grams of marijuana, and more than four-thousand dollars in cash.

These allegations readily establish that Murphy poses a serious danger to the community. His proposal for release—whereby his mother will post as bond the equity in her home, that he will work for a family car lot, and he will abide by other standard conditions—does not constitute new and material evidence. The fact that his mother posted a significant property bond in the state court was presented at the initial hearing, and his employment at the family car lot was discussed in supervision records provided to the court. More significantly, bond is most relevant to a defendant's risk of non-appearance and generally does little to mitigate a defendant's danger to the community. *See United States v. Tortora*, 922 F.2d 880, 886 n.8 (1st Cir. 1990) ("Real estate as security seems a much more effective condition of release in a 'flight risk' case than in a 'dangerousness' case.").

The court detained Murphy because he failed to show by clear and convincing evidence that he does not pose a danger to the community. His proposal does not address the court's concerns, and he has failed to show that it is appropriate to reopen the detention hearing.

**IT IS THEREFORE ORDERED** that Alphonso Murphy's motion to reopen the detention hearing (ECF No. 88) is **denied**.

Dated at Milwaukee, Wisconsin this 14th day of March, 2024.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge